AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of California

FILED

Dec 27 2021

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Wilmer Arteaga | ) | Case No.  3-21-mj-72026 MAG |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  November 9, 2021  in the county of  San Francisco  in the  Northern  District of  California , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. Section 841(a)(1), (b)(1)(B) | Possession with Intent to Distribute 40 grams or more of Fentanyl. Maximum penalties: imprisonment for 5 years (min) to 40 years; $5,000,000 fine; supervised release for 4 years (min) to life (max); $100 special assessment; forfeiture. |
| 18 U.S.C. Section 922(g)(1) | Felon in Possession of Ammunition. Maximum penalties: 10 years' imprisonment; $250,000 fine; 3 years' supervised release; $100 special assessment; forfeiture. |

This criminal complaint is based on these facts:

See attached affidavit of Task Force Officer Britt Elmore.

☑ Continued on the attached sheet.

Approved as to form  /s/ *Lauren Harding*
AUSA  Lauren Harding

/s/ Britt Elmore
*Complainant's signature*

Britt Elmore, DEA TFO
*Printed name and title*

Sworn to before me by telephone.

Date:  12/27/2021

*Judge's signature*

City and state:  San Francisco, CA

Hon. Thomas S. Hixson, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Britt Elmore, a Task Force Officer of the Drug Enforcement Administration (the "DEA"), being duly sworn, hereby declare as follows:

### INTRODUCTION

1. I make this Affidavit in support of an application for a criminal complaint against, and arrest warrant authorizing the arrest of, Wilmer Arteaga ("ARTEAGA") for (1) being a felon in possession of ammunition, in violation of Title 18, United States Code, Section 922(g)(1), and (2) possessing with intent to distribute a controlled substance, specifically, 40 grams or more of a mixture or substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B), on or about November 9, 2021 in the Northern District of California.

### SOURCES OF INFORMATION

2. The facts set forth in this affidavit are based on my own personal knowledge, information I obtained from other individuals during my participation in this investigation, my review of documents and records related to this investigation, including criminal history documents and police reports, and information gained through my training and experience. This affidavit also reflects my current understanding of facts relating to this investigation, but my understanding may change in the future as the investigation proceeds.

3. Because this affidavit is submitted for the limited purpose of obtaining a criminal complaint and arrest warrant, I have not included each and every fact known to me that supports probable cause for arrest. Rather, I have set forth only the facts that I believe are necessary to establish probable cause that the violations of federal law identified above have occurred.

**AFFIANT BACKGROUND**

4. I am employed by the San Francisco Police Department as a Police Officer and have been so employed since July 1997. I have been assigned to the San Francisco Narcotics Division since 1999, and I am currently detailed as a Task Force Officer to the Drug Enforcement Administration within the San Francisco Divisional Office since 2009.

5. I graduated from the San Francisco Police Department academy in February of 1998. In the police academy I received 40 hours of narcotics-related training. I also attended the San Francisco Police Department's ICI training where I received additional narcotics investigations training. I also attended the Department of Justice (DOJ) 80-hour narcotics training. These training curricula covered all aspects of drug investigations, including identification of controlled substances, physical surveillance, utilization of confidential sources, interview techniques, undercover operations and the general operation of drug trafficking organizations. My employment background also includes over three years with the San Mateo County Sheriff's Office as a correctional officer.

6. I have participated in the investigation discussed in this Affidavit. I have also discussed the investigation with other DEA Special Agents and with other law enforcement agencies involved in it. I have reviewed records and reports relating to the investigation. Unless otherwise noted, wherever in this Affidavit I assert that a statement was made, the information was provided by another DEA agent, law enforcement officer, or witness who may have had either direct or hearsay knowledge of that statement and to whom I or others have spoken, or whose reports I have read and reviewed.

7. As a duly sworn officer by the state of California and federal law enforcement officer, I am authorized to investigate violations of laws of the United States and authorized to execute

search and arrest warrants under the authority of the United States, including for violations of 18 U.S.C. § 922(g) and 21 U.S.C. § 841(a).

## APPLICABLE LAW

8. The elements of a violation of 18 U.S.C. § 922(g)(1) are as follows: the defendant (1) knowingly possessed a firearm or ammunition; (2) that firearm or ammunition had been shipped or transported from one state to another, or between a foreign nation and the United States; and (3) at the time the defendant possessed the firearm or ammunition, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year; and (4) at the time the defendant possessed the firearm or ammunition, the defendant knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year. *See* 18 U.S.C. § 922(g)(1).

9. The elements of a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) are as follows: (1) the defendant knowingly possessed 40 grams or more of fentanyl; and (2) the defendant possessed it with the intent to distribute it to another person.  A violation of Sections 841(a)(1) and (b)(1)(B) includes a term of imprisonment for not less than five years and not more than forty years.

## FACTS ESTABLISHNG PROBABLE CAUSE

### *Arteaga Engages in Road Rage and Shoots at Another Car*

10. On November 9, 2021, at around 6:30 p.m., SFPD Homicide Sergeants Jon Kasper and Kyra Delaney witnessed two cars involved in road rage near Turk and Larkin Streets in the Tenderloin neighborhood of San Francisco, California, in the Northern District of California. One of the cars was a white two-door BMW and the other a dark-colored SUV.  The two cars engaged in road rage by pulling alongside each other and then speeding off.  The cars headed

westward on Turk Street and stopped at a red light at the intersection of Turk Street and Van Ness Avenue. The SUV was in front; the white BMW was in back. After the cars stopped, the SUV reversed and collided into the front end of the BMW.

11. The driver of the BMW then exited the car with a black semi-automatic pistol in hand. The Sergeants heard the sound of two gunshots as the SUV sped off. The driver of the BMW re-entered his car and sped off northbound on Van Ness Avenue.[1] Officers later recovered one fired 9mm Luger casing and vehicle debris from the intersection. They also found a single bullet hole on the driver's side door of a nearby Toyota. The Toyota was in the general direction of where the SUV had sped off.

12. Approximately 15 minutes after the shooting, SFPD Officers Daniel O'Brien and Sonya Sarcos identified a white two-door BMW with California plates 8YIV942 parked in front of 710 Ellis Street.[2] Arteaga was standing next to a closed passenger door of the car. No one else was in the car. The Google maps image below shows the location of the shooting (marked with an X) and where the officers found Arteaga.



---

[1] One civilian witness reported to 911 that it looked like there were two people in the car.

[2] Dispatch reported that a white BMW with California plate number 8VIW842 and an adult black male had been involved in the shooting.

13. After Arteaga turned his back on officers and failed to follow officers' commands to put his hands on his head, Officer O'Brien took Arteaga to the ground and placed him in handcuffs. Arteaga provided various names to Officer O'Brien including "Anthony Valesquez," "Joseph Valesquez," and "Anthony Cruz-Valesquez."

14. Sergeants Kasper and Delaney arrived on scene and confirmed that the BMW was the same one involved in the road rage and shooting incident at Turk and Van Ness.[3]

### *Arteaga Had a Loaded Gun on his Person*

15. Arteaga told the officers that he had ingested fentanyl, so officers called an ambulance. As an officer helped Arteaga onto a gurney, he felt and then found a firearm in Arteaga's pocket.

16. The firearm was a black pistol with a Glock slide bearing serial number BSWX125 and no serial number on the P80 80% polymer receiver.

17. The firearm was loaded with eight live rounds of Smith and Wesson and ZQ1 ammunition.

18. The ammunition was manufactured outside of California and thus travelled interstate to be found within California.

19. Also on Arteaga's person, officers found $3,428 in cash in different denominations, marijuana, and three small bags of a white powdery substance.

### *Arteaga's Car Contained Unfired Ammunition, 1.1 kg of Fentanyl, and Other Drugs*

20. During a search of the BMW, officers found a fired cartridge casing.

21. The fired cartridge located in the vehicle, along with the fired cartridge found at the intersection of Turk and Van Ness, were the same brands and caliber as the ammunition found on Arteaga's person.

---

[3] Because it was dark, they were not able to confirm that the driver was the same person involved, although he appeared similar.

22. The officers also found ten 9mm unfired cartridges in a black backpack. The ten 9mm unfired cartridges included 1 Smith and Wesson cartridges; 5 Winchester cartridges; and 4 ZQ1 cartridges.

23. The ammunition was manufactured outside of California and thus travelled interstate to be found within California.

24. Officers also found the following drugs in the car:

| Drug (*Testing Method*) | Approximate Quantity (Gross) | Containers |
|---|---|---|
| Fentanyl | 1155 grams | 55 different plastic bags |
| Cocaine HCL[4] | 1.2 grams | Three press lock plastic baggies |
| Methamphetamine[5] | 5.9 grams | Coin purse containing several press lock bags |
| Heroin[6] | 5.9 grams | 1 tied off plastic bag, 3 press lock bags |
| Marijuana[7] | Unknown | Several small press log bags |

25. The fentanyl had different colors (including white, pink, gray, purple, and green).

---

[4] TruNarc testing on November 3, 2021 tested a random sample positive for cocaine. On December 15, 2021, the Alameda County Sheriff's Department tested a random sample using chemical tests and Fourier Transform Infrared Spectroscopy. The sample tested .24 grams positive for cocaine.

[5] TruNarc testing on November 3, 2021 tested a random sample positive for methamphetamine. On December 15, 2021, the Alameda County Sheriff's Department tested a random sample using chemical tests and Fourier Transform Infrared Spectroscopy. The sample tested .47 grams positive for methamphetamine.

[6] The heroin was not tested using TruNarcs. On December 15, 2021, the Alameda County Sheriff's Department tested a random sample using chemical tests and Fourier Transform Infrared Spectroscopy. The sample tested 3.68 grams positive for heroin.

[7] The marijuana was not tested using TruNarcs. On December 15, 2021, the Alameda County Sheriff's Department tested a random sample using chemical and microscopic tests and Gas Chromatography Mass Spectrometry. The sample tested 17.90 grams positive for Delta-9-Tetrahydrocannabinol (THC), the active ingredient in marijuana.

26. On November 3, 2021, officers conducted TruNarcs testing on samples of the fentanyl that tested presumptively positive for fentanyl.[8] On December 15, 2021, the Alameda County Sheriff's Office tested a random sample using chemical tests and Gas Chromatography Mass Spectrometry that determined the sample (27.77 grams net) contained fentanyl.

27. Based on my training and experience, approximately 1155 grams of fentanyl (or approximately 1.1 kg) is a distribution quantity. In addition to the sheer amount of fentanyl found, based on my training and experience, the different colors of fentanyl, the different packaging in 55 different small bags, the large amount of cash found on Arteaga's person, and the variety of drugs found in the car support that he possessed the fentanyl with intent to sell it.

### *Arteaga's Criminal History Includes a Crime Punishable for Over One Year*

28. On August 17, 2012, Arteaga was convicted of distributing a controlled substance, in violation of Utah Stat. 58-37-8(1)(a)(ii), a felony. He was sentenced to 30 days' jail and 36 months' probation.

29. On August 3, 2016, Arteaga was convicted of California Penal Code 32 (accessory), a felony, and sentenced to 31 days' jail and three years' probation.

30. On September 18, 2019, Arteaga was convicted of one count of violating 8 U.S.C. § 1326(a) for unlawful reentry following removal, with sentencing enhancement under 8 U.S.C. § 1326(b)(1). This offense is punishable by imprisonment for over one year. Arteaga was

---

[8] Another sample tested positive for hydroxylamine, a common "cutting" agent for fentanyl. Another sample tested as inconclusive—a common result when drugs are "cut" with filler/buffer agents.

sentenced to 18 months' imprisonment and three years' supervised release.[9]  He is on supervised release until 2023.

31. Arteaga is currently in state custody on charges relating to the conduct on November 9, 2021, along with charges, including assault with a firearm and negligent discharge of a firearm resulting in great bodily injury, relating to a different shooting on November 3, 2021.

## CONCLUSION

32. Based on the information set forth in this affidavit, I respectfully submit that there is probable cause to believe that on or about November 9, 2021, in the Northern District of California, WILMER ARTEAGA knowingly possessed ammunition, in violation of 18 U.S.C. § 922(g)(1), and also knowingly possessed with the intent to distribute a controlled substance, specifically, fentanyl, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B).

/s/ Britt Elmore
BRITT ELMORE
Task Force Officer
Drug Enforcement agency

Sworn to me over the telephone and signed by me pursuant to Fed. R. Crim. P 4.1 and 4(d) on this __27th__ day of December, 2021.  This application and warrant are to be filed under seal.

THE HONORABLE THOMAS S. HIXSON
United States Magistrate Judge

---

[9] The defendant's name on the sentencing documents is "Silvio Bertilio Cruz-Velasquez."  Law enforcement has confirmed that the FBI number—which is associated with defendant's fingerprints—match Arteaga.